UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAUL  COFFMAN,                                )
                                              )
                      Petitioner,             )
                                              )
          vs.                                 )
                                              )          Case No. 1:14-cv-01161-TWP-DML
WENDY  KNIGHT,                                )
                                              )
                      Respondent.             )

**Entry Directing Further Proceedings**

Presently pending before the Court is Petitioner Paul Coffman's petition for a writ of
habeas corpus in which he challenges a prison disciplinary proceeding identified as No. CIC 13-
11-0105.  The petition, among other things, challenges the sufficiency of the evidence that the
substance confiscated from his cell was methamphetamine. Mr. Coffman argues that insufficient
evidence was presented at the disciplinary hearing.

The respondent's position is that there was sufficient evidence that the substance at issue
was methamphetamine based on the conduct report alone. The conduct report stated in a
conclusory manner that methamphetamine was confiscated from the petitioner's cell.  Moreover,
the respondent points to toxicology reports stating that the confiscated substances tested positive
for both methamphetamine and marijuana.  There is no evidence regarding the chain of custody
for those toxicology reports, however, it is not clear from the record that the hearing officer had
available and considered the toxicology tests at the disciplinary hearing.

The Seventh Circuit recently observed that "[a]dministrative decisions resting on chemical
analysis typically require both the test results and a chain of custody linking those results to the

particular prisoner." *Ellison v. Zatecky*, --- F.3d ----, 2016 WL 1567039, *3 (7th Cir. Apr. 19, 2016); *see Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (concluding that the "toxicology report *and the chain of custody* slip constitute 'some evidence' supporting the decision") (emphasis added). In *Ellison*, the Seventh Circuit went on to observe that, in the absence of such evidence, testimony from an officer "that, based on his training and experience, he recognized the substance" as the drug at issue may suffice. 2016 WL 1567039, at *3.

It is unclear from the current record whether either category of evidence discussed in *Ellison* was present at the Mr. Coffman's disciplinary hearing. Specifically, there appears to be no evidence as to a chain of custody and it appears from the disciplinary hearing report that, in any event, the hearing officer did not consider the toxicology reports.

Accordingly, the respondent has **through May 11, 2016**, to supplement the record with any evidence related to this issue and to file a brief explaining why the standards reference above from *Ellison* and *Webb* are met in this case. In doing so, the respondent must specifically explain: (1) whether the hearing officer had access to and considered the toxicology reports in the record, and what record evidence demonstrates this; (2) whether there is evidence of a chain of custody concerning the samples referenced in the toxicology reports; and (3) whether the "IA Investigation Report" reference in the disciplinary hearing report is in the record and, if not, what is contained within that report. The respondent may also address whether, given that the petitioner admitted to possessing marijuana, any error regarding the methamphetamine is harmless after the petitioner's violation was changed to a code B202, "Use of Possession of a Controlled Substance," and his sanctions were reduced on appeal.

Mr. Coffman shall have **through May 25, 2016**, in which to file a response to the respondent's submission if he so chooses.  Any such response should address any arguments the respondent makes regarding harmless error.

**IT IS SO ORDERED.**

Date: 4/21/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul Coffman
No. 206250
Pendleton-CIF
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel