UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL COFFMAN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) ) Case No. 1:14-cv-01161-TWP-DML |
| WENDY KNIGHT, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Paul Coffman, challenging a prison disciplinary proceeding identified as No. CIC 13-11-0105. For the reasons explained in this Entry, Mr. Coffman's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 25, 2013, a Conduct Report was issued charging Mr. Coffman with a Code No. 100 violation for alleged possession of methamphetamine. The conduct report states:

> On September 25, 2013 a shakedown was performed on cell 20-2D by Officer J. Pardue and Investigator Mavis Grady, during the shakedown one cell phone, one cell phone charger, less than a gram of Crystal Methamphetamine, half a strip of Suboxone was discovered in two jars of coffee. Also during the shakedown less than an OZ of Marijuana and a tattoo motor were discovered. When questioned Offender Coffman, Paul 206250 admitted the items found in the coffee and the Marijuana were his. On October 1, 2013 Offender Coffman was interviewed he again stated all items found during the shakedown of cell 20-2D belonged to him. Offender Coffman is in clear violation of I.C. 35-48-4-6.1 Possession of Methamphetamine.

Filing No. 7-1 at 1.

On November 9, 2013, Mr. Coffman was notified of the charge when he received the Notice of Disciplinary Hearing (Screening Report). He was charged with a Code 100 violation, which is the charge for a violation of federal, state, or local law—specifically, Indiana Code 35-48-4-6.1, Possession of Methamphetamine. Mr. Coffman plead not guilty to the charge. He requested the items confiscated from his cell as physical evidence for the hearing.

A hearing officer conducted a disciplinary hearing on November 20, 2013. Mr. Coffman said that he did not feel his charge should be a Code 100 violation, that the times given in the evidence were incorrect, and that he feels as though all of the offenses are being charged as "one big thing," when they should not be. Based on the Conduct Report, IA Investigation Report, and Mr. Coffman's statement, the hearing officer found Mr. Coffman guilty. The hearing officer's recommended and approved sanctions included a 120 deprivation of earned time credit and a demotion of credit class.

Mr. Coffman administratively appealed his conviction. Although his initial appeal was denied, he appealed that decision to the IDOC central office. *See* Filing No. 7-4. He argued that

he was told the Code 100 violation charge stemmed from the possession of methamphetamine, but that the confiscated substance was not methamphetamine. He did, however, admit that he possessed the suboxone and marijuana. He asked that his Code 100 violation charge be reversed and he instead be charged with a class B violation.

Mr. Coffman's appeal was granted in part. His disciplinary conviction was modified from a Code 100 violation conviction to a Code B202 violation, "Use or Possession of a Controlled Substance," and his earned time credit deprivation was reduced to ninety days. The parties agree that Mr. Coffman fully exhausted his available administrative remedies.

**C.     Analysis**

Mr. Coffman contends that his due process rights were violated during his disciplinary hearing in three ways, the first two of which overlap: (1) the hearing officer had no physical evidence demonstrating that the substance at issue was methamphetamine rather than, as Mr. Coffman now claims, laundry soap; (2) he was denied his right to present documentary evidence because when he requested the result of any tests done on the confiscated substances, he was told that there were no tests performed; and (3) in violation of Indiana Department of Correction ("IDOC") policy, Mr. Coffman was not presented with a written statement describing the photographs of the confiscated substances that were withheld from him due to security concerns.

The Court ordered additional briefing on the first two issues and permitted the Respondent to supplement the record. The Respondent filed a supplemental brief and additional evidence, and Mr. Coffman elected not to file a reply brief. The habeas petition is now ripe for a decision.

Mr. Coffman's first two claims relate to his contention that his due process rights were violated because there was no physical evidence or lab reports showing that the substance in question was in fact methamphetamine, and, when he requested them, he was told there were none.

The Court need not determine whether these two claims establish due process violations because, even if they do, any such error is harmless.

Mr. Coffman's disciplinary conviction was changed from a Code 100 violation conviction for violating Indiana Code § 35-48-4-6.1, "Possession of methamphetamine," to a Code B202 violation, "Use or Possession of a Controlled Substance," on appeal. Thus the conviction challenged in this habeas petition is not a Code 100 vi9olation conviction, but a Code B202 violation conviction. Nevertheless, Mr. Coffman's first two claims focus on whether there was sufficient evidence that Mr. Coffman possessed methamphetamine. Given the change in the conviction, whether there is sufficient evidence that he possessed methamphetamine is irrelevant. Mr. Coffman admitted to possessing marijuana and suboxone both to the correctional officers and in his administrative appeal. *See* Filing No. 7-1 at 1; Filing No. 7-4 at 1. Such an admission is sufficient to convict Mr. Coffman of Code B202 violation for possession of a controlled substance, which is the only conviction left to challenge. *See Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Therefore, even if there was error with respect to the identification of the methamphetamine, any such error is harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011) (holding that absent prejudice, due process violation in the prison disciplinary context are harmless).

Mr. Coffman's third and final contention is that it was improper for him to not be given a written description of the photographs of the confiscated items since security concerns prevented him from having the photographs themselves. Mr. Coffman discusses this purported violation primarily as a violation of IDOC policy, rather than a violation of his due process rights. However, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison

policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Even if construed as a due process claim, however, this claim lacks merit. First, there is no evidence that Mr. Coffman made a request the photographs of the items or a written description of them, and thus it was not a violation of his due process rights to withhold them. *See Sweeney v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997) (holding that the petitioner's due process right to present documentary evidence was not violated when he was not given the chance to present a logbook because he "had the chance to request access to the logbook, and it appears from the record that he failed to make such a request"), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765 (7th Cir. 2001).

Second, for the same reasons discussed above with respect to Mr. Coffman's first two claims, any error is harmless. Mr. Coffman does not dispute that he admitted to possessing marijuana and suboxone. This is sufficient to convict him of a Code B202 violation for possession

of a controlled substance, and thus any error with respect to the photographs or written descriptions thereof is harmless.  *See Jones*, 637 F.3d at 846-47.

All of Mr. Coffman's claims focus on whether or not he possessed methamphetamine.  But his conviction was altered during the administrative process such that it does not depend on his possession of methamphetamine; instead, it only requires that he possessed any controlled substance, which he admits he did.  Accordingly, Mr. Coffman is not entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and even if there was, any such error was harmless.  Accordingly, Mr. Coffman' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/5/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul Coffman, No. 206250
Pendleton-Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Kristin Garn
INDIANA ATTORNEY GENERAL
Kristin.garn@atg.in.gov

Kyle Hunter
INDIANA ATTORNEY GENERAL
Kyle.Hunter@atg.in.gov